BOLIN, Judge.
This suit is based on personal injuries received by Ernest H. Spears allegedly caused when he jumped from a moving automobile being driven by Mathias, an employee of Southern Discount of Shreveport, Inc. Subsequent to his injuries, but prior to trial, Spears died of causes not connected with the accident. The surviving spouse and three children of the deceased instituted suit against Southern Discount and the driver of the automobile seeking damages for the personal injuries received by decedent. From judgment in favor of plaintiffs and against defendants in solido for $3,427.38, defendants appeal.
*752 We have experienced little difficulty in resolving the facts which we shall briefly state. Ernest H. Spears, an elderly negro preacher, resided in a rural section of Da-Soto Parish. He had become delinquent in his indebtedness to Southern Discount. The manager of Southern Discount instructed Mathias to proceed to the home of Reverend Spears and either take the debtor to a telephone or bring him by automobile to the company’s office at Shreveport. Mathias was 20 years of age and weighed in excess of 200 pounds. Pursuant to his instructions from his employer, he proceeded to the house of Spears. Experiencing difficulty in getting anyone to answer him there, he forcibly opened one and dislodged the handle on another door of the house. He finally talked to a woman who was present and she told him Spears was not at home, but was probably somewhere in the vicinity.
Mathias drove his car down the road and saw the elderly man a short distance away. Mathias stopped his automobile and asked Spears to get inside. Spears complied and Mathias immediately told him he must either come with him to Shreveport or go to a telephone some eight miles away in order that he might get his account straight with Southern Discount.
Mathias started the automobile and continued driving at about thirty-five miles per hour. Meanwhile Spears was mumbling something which Mathias said was inaudible. During the ride Spears, who was approximately seventy years of age and small in stature, protested loudly that he wasn’t going to Shreveport and he didn’t want to talk to anybody about his account. He then opened the door of the car and said he was going to jump out. In spite of these actions Mathias never stopped the car, nor did he even attempt to pull Spears back in until it was too late. Spears jumped from the car and Mathias continued his travel, merely glancing in the rearview mirror to ascertain that he was rolling on the gravel beside the road.
The employee drove his car to Shreveport and immediately told the manager of the defendant company of the incident. The manager dispatched another of his employees with Mathias to the scene. They found that Spears had been taken to the hospital with injuries.
Plaintiffs’ cause of action against defendants in solido is predicated on the theory that Southern Discount is guilty of negligence and lack of care in issuing instructions to their youthful employee to proceed to the home of this elderly negro and either bodily bring him to Shreveport or take him to a nearby telephone. The charge against Mathias is grounded on the allegation he knew or should have known that, under the circumstances, Spears would jump from the car, particularly after he had told Mathias he would unless he stopped.
All tort liability in Louisiana is predicated primarily upon Louisiana Civil Code Articles 2315 et seq. The evidence is so convincing and overwhelming that the injury to Spears in the instant case was due to the “fault” of the employer and employee that little comment is necessary. Under the facts recited we hardly see how it could be seriously argued that both defendants in this case have not violated the very words of Article 2316 which provides:
“Every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill.”
We know of no better words denouncing the actions of these defendants than those used by the trial judge in his written reasons for judgment when he said:
4! * * * * *
“Mathias was of course only attempting to carry out the instructions of his employer and bring Spears into the office, but he was doing this against the will of Spears which was not only immoral but illegal, * * * ”
* * * * ‡ *
*753 Defendants also filed a plea of contributory negligence but we have searched the record in vain for any evidence to substantiate this plea and accordingly feel the lower court was correct in overruling same.
There has been no question raised by appellants as to the quantum in the event the judgment is affirmed. Parenthetically, we might add that the failure to question the award perhaps stemmed from its conservative nature in light of the painful and serious injuries suffered by decedent.
For the reasons assigned the judgment appealed from is affirmed at appellants’ cost.
Affirmed.
Rehearing denied.
GLADNEY, J., dissents from refusal to grant rehearing.